# J. H. MICHENER v. CITY OF PHILADELPHIA.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHIL-
ADELPHIA COUNTY.

Argued January 13, 1888—Decided January 30, 1888.

1. To a scire facias sur a municipal claim for an assessment of the cost of
a sewer in the city of Philadelphia, constructed under an ordinance duly
enacted according to law, the defendant may not defend on the ground
that the sewer was neither a private benefit to him or his property, nor
a matter of necessity to the public.
2. The laws and ordinances authorizing the construction of sewers in
said city are constitutional; and, as to the necessity for their construc-
tion, the judgment of the city councils is conclusive.
3. That defendant was assessed with and paid his part of the cost of
sewers previously constructed and which as alleged by him were fully
adequate, is no defence to the claim for the cost of the sewer in contro-
versy.
4. Hammett v. Philadelphia, 65 Pa. 146; Washington Avenue, 69 Pa.
352; Wistar v. Philadelphia, 80 Pa. 505, reviewed and distinguished.

Before PAXSON, STERRETT, GREEN, CLARK and WILLIAMS,
JJ.; GORDON, C. J., and TRUNKEY J., absent.
No. 101 July Term 1887, Sup. Ct.; court below, No. 120
June Term 1886, C. P. No. 2.

The proceeding below was a scire facias sur municipal claim
filed on July 28, 1886, for the construction of a sewer on Ox-
ford street, by the city of Philadelphia, to use of W. A. Hen-
del, the contractor, against John H. Michener, as the owner of
a lot fronting fifty feet on Broad street and extending back of
even width along Oxford street, two hundred feet to Carlisle
street.

To this scire facias on October 22, 1886, the defendant filed
an affidavit of defence averring: That the defendant had
owned the lot of ground for over twenty years, and that the
lot was unimproved; that when he bought it in 1865, a public
sewer ran through it, which was constructed and paid for in
the ordinary way; that subsequently said sewer was closed by
official action and in 1877 another public sewer was construct-

ed along the Broad street front of the lot, for which the defendant was assessed and paid his proportionate part; that in 1885 another sewer was constructed along the Carlisle street front of the lot, for which also the defendant was assessed and paid his proportionate part.

The affidavit further averred, that the sewers constructed in 1877 and 1885, were good, and of proper size, and in every way adequate for the present and future needs of his property; that the only available building fronts of his lot were the Broad and Carlisle street ends; that the sewer in controversy did not enhance the value of his property, but was a positive detriment thereto; that he had received no notice of the proposed construction of this sewer, and did not know of it until the bill was presented for payment; that the sewer was not needed for the surface drainage of Oxford street from Broad to Carlisle street, but was for general public benefit in connection with other sewers; and that the construction of the same was neither a private benefit to him or his property, nor a matter of public necessity for Oxford street; and concluded as follows:

I am instructed and aver that under the circumstances of this case, the ordinance of councils authorizing the construction of this sewer, and the acts of assembly under which said ordinance was passed, in so far as the same attempt to make the building of such sewer and the cost thereof a claim against my property, and a claim against me, are unconstitutional and in conflict with article IX., section 1, of the constitution of this commonwealth. The ordinance of councils referred to, and the acts of assembly under which the same was passed, in so far as they relate to this matter, are as follows: Ordinance of November 11, 1885, §§ 1 and 2; of May 12, 1866, §§ 1 and 2, and of February 16, 1869; act of April 8, 1864, P. L. 324, § 1; act of March 27, 1865, § 1, P. L. 791 [which ordinances and acts were quoted].

A rule for judgment for want of a sufficient affidavit of defence was made absolute by the court, HARE, P. J., without opinion filed, on April 30, 1887. Thereupon the defendant took this writ assigning said order as error.

*Mr. Joseph DeF. Junkin* and *Mr. George Junkin*, for the plaintiff in error:

1. From the facts alleged, it clearly appears that the improvement for which the claim was filed, was made for the benefit of the general public and not for that of the defendant below; and, under the well settled law, so far as the defendant is concerned, he cannot be made to pay for such improvement. The enforcement of such a claim would be clearly in derogation of his constitutional rights: Hammett v. Philadelphia, 65 Pa. 146; Washington Avenue, 69 Pa. 352: Wistar v. Philadelphia, 80 Pa. 501.

2. Taxation must be either general, for public purposes, schools, police, etc., based upon some equal basis; or, special, to pay for public improvements, when they clearly confer a special benefit upon the persons specially taxed. If there be no special benefit, the whole public must bear the burden. Certainly, city councils, under the laws and ordinances set out, could not lay two sewers on a street, if one was sufficient, and compel the property owners to pay for both, any more than in the re-laying of pavements, as in Wistar v. Philadelphia, supra. There must be some inferential benefit at least to warrant a private assessment; and, where not only is that denied but harm from the improvement is alleged, it is submitted that the court must leave it to a jury to say whether any benefit is conferred, and whether it is not for the general public benefit as in the cases cited.

*Mr. De Forrest Ballou*, for the defendant in error:

1. It was held in Philadelphia v. Tryon, 35 Pa. 401, that under the act of April 21, 1855, the consent of property owners on the street in which the sewer was constructed is not required, and such is the express law of the commonwealth by the acts of March 27, 1865, P. L. 791, and April 20, 1869, P. L. 1190. The act of March 13, 1866, P. L. 354, authorized councils to fix the rate of assessments, repealing all prior restrictive laws; and councils by ordinance of February 16, 1869, fixed the charge at $1.50 per foot, which is the amount claimed in this case.

2. The acts and ordinances are constitutional: Stroud v. Philadelphia, 61 Pa. 255. Councils are the sole judges of the necessity of the sewers: Philadelphia v. Sellers, 6 Phila. 253; Lipps v. Philadelphia, 38 Pa. 503; Philadelphia v. Tryon, 35

Pa. 401; Stroud v. Philadelphia, supra; Brientnall v. Philadelphia, 103 Pa. 156.   Neither the court nor the jury will encroach upon the functions committed to other public officers: Carr v. Northern Liberties, 35 Pa. 324.

OPINION, MR. JUSTICE PAXSON:

The plaintiff in error is the owner of a lot situate at the corner of Broad and Oxford streets, in the city of Philadelphia.   It has a front of fifty feet on Broad street, and runs through of that width, two hundred feet to Carlisle street.   It has therefore three fronts.   For building purposes, however, the Broad and Carlisle street fronts only are available, the lot on Oxford Street not being of sufficient depth.   In 1877 the city authorities constructed a public sewer along the Broad street front, and in 1885 they constructed another sewer along the Carlisle street front.   The plaintiff paid his proportion of the cost of both these sewers.   He avers in his affidavit of defence that they were both well constructed and of proper size, and in every way adequate for the present and future needs of his property.   The present claim was filed for the construction of a sewer along Oxford street; he resists the payment of this upon the ground that it confers no benefit upon his property, but is for general public benefit in connection with other sewers, all of which is averred in his affidavit of defence.   The court below held that the facts so set forth were insufficient, and gave judgment for the city.

It is not denied that the sewer in question was constructed in pursuance of an ordinance regularly passed for that purpose under powers granted by the legislature, nor that the amount charged was not in excess of that allowed by law.   The defendant says, however, in his affidavit of defence, that he is instructed and avers " that under the circumstances of this case, the ordinance of councils authorizing the construction of this sewer, and the acts of assembly under which said 'ordinance was passed, in so far as the same attempt to make the building of such sewer and the cost thereof a claim against my property, and a claim against me, are unconstitutional and in conflict with article IX., section 1, of the constitution of this commonwealth."

In support of this position his learned counsel has called

our attention to three cases, viz.: Hammett v. The City, 65
Pa. 146; Washington Avenue, 69 Pa. 352, and Wistar v. The
City, 80 Pa. 505. We will consider these cases in the order
stated. In doing so, I shall confine myself to what they re-
spectively decide.

Hammett v. The City appears to have been misunderstood
to some extent. At least it is frequently cited as covering a
much broader view than its facts and the decision thereon
warrant. That was a case of re-paving Broad street. It was
held that the original paving of a street is a local improvement
and is within the principle of assessing the cost on the lots
lying on it. But Broad street had been paved before, and the
cost thereof assessed upon and paid by the property owners.
A subsequent act of assembly required the city to occupy the
street " for its entire length for the uses and purposes of a
public drive, carriage way, street, or avenue, or portions there-
of, in whole or in part . . . . . with such mode of pavement,"
etc., as might in the judgment of the city councils be best
adapted for the uses aforesaid, and ordained that the " cost of
said improvements be paid for by the owners of property abut-
ting on said street." In other words, the owners of property
on Broad street were directed by an act of assembly and by
city councils acting in pursuance thereof, to take up the pave-
ment which they had paid for, and lay down a new and ex-
pensive one, not for the benefit of their property, but to pro-
vide a grand drive or boulevard for the public generally. This
sufficiently appears by the following extract from the opinion
of our late brother SHARSWOOD: " The object of this improve-
ment is not to bring or keep Broad street, as all the other
streets within the built-up portions of the city are kept, for
the advantage and comfort of those who live upon it, and for
ordinary business and travel, but to make a great public drive
—a pleasure ground—along which elegant equipages may dis-
port of an afternoon."

It will thus be seen that the distinction between Hammett
v. The City and the case in hand is very broad. We have
here the mere question of the construction of a sewer under
the recognized powers of city councils. I speak advisedly
when I say, recognized powers. Such power is expressly rec-
ognized in Hammett v. The City. I quote again from the

opinion of the court in that case: " On the same principle the validity of municipal claims assessing on the lots fronting upon streets their due share of the cost of grading, curbing, paving, building sewers and culverts, and laying water-pipes, in proportion to their respective fronts, has been repeatedly recognized and the liens for such assessments enforced;" citing Pennock v. Hoover, 5 R. 291; The Northern Liberties v. St. John's Church, 13 Pa. 104; The City v. Wistar, 35 Pa. 427; Commonwealth v. Woods, 44 Pa. 113; Magee v. The Commonwealth, 46 Pa. 358; Wray v. The Mayor, etc., of Pittsburgh, 46 Pa. 365.

In the Washington Avenue case, the decision was that the foot-front rule or method of assessing a tax to pay for streets, etc., applies only to cities and large towns, where from the density of the population and the small size of the lots there is a reasonable certainty of arriving at a true result, and that the application of such rule to a road running seven miles into the country was unjust and oppressive.

In Wistar v. The City the plaintiff in error had set his curb and paved his footway in accordance with the direction of the city authorities. Four years afterward councils widened the footway and ordered the plaintiff to re-set his curb and re-pave the footway. It was held that he could not be required to do so, thus following directly in the line of Hammett and the City.

It will thus be seen that none of the cases cited sustains the contention of the plaintiff in error. Of the necessity of the present sewer we cannot of course speak, nor are we required to do so. The councils are the sole judges of the necessities of sewers and their judgment is conclusive. It is not our province to encroach upon the functions of other public officers. In Stroud v. The City, 61 Pa. 255, it was held that the laws and ordinances authorizing the construction of sewers in the city of Philadelphia were constitutional. The right of the city to construct them has been repeatedly affirmed by this court. See Lipps v. The City, 38 Pa. 503; City v. Tryon, 35 Pa. 401; Brientnall v. The City, 103 Pa. 156.

The plaintiff alleges, however, that his property is not benefited by the sewer. He may or may not be mistaken in this. We cannot say. But this is a species of taxation, and all taxation is presumed to be for the benefit, directly or indi-

rectly, of the taxpayer or his property. Laid as taxes are, under general laws, there will always be cases of apparent individual hardship. The childless man may claim that the taxes which he is compelled to pay for the education of the children of other persons confers no benefit upon him. The law does not so regard it. Education produces a higher degree of intelligence, the fruits of which are seen in increased good order and diminished crime. When a man comes to pay his general taxes he cannot be permitted to allege that he derives no benefit therefrom. And it would be intolerable if in every instance of special taxation the question of benefits could be thrown into the jury-box. It would introduce into municipal government a novel and dangerous feature. It would substitute for the responsibility of councils, limited though it be, the wholly irresponsible and uncertain action of jurors. It is better " to endure the ills we have, than to fly to those we know not of."

It was said by Justice READ in Stroud v. The City, supra, that, " He (the defendant) alleges that the work was not done at his request nor for his use or benefit, nor for the benefit of his property, and for a culvert not on his property, but in a public highway or street, all of which is clearly immaterial if the city possessed the power to construct the sewer and to lay the tax, which is settled, not only by the law itself, but by the decision of this Court in City of Philadelphia v. Tryon, 35 Pa. 400."

After a careful consideration of this case we have reached the conclusion that it is free from error.

The judgment is therefore affirmed.