CITY OF HARRISBURG v. JAMES McCORMICK.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS OF DAUPHIN COUNTY.

Argued June 3, 1889—Decided June 28, 1889.

Where a municipal claim is filed for the cost of street improvements in
the built up portions of cities, assessed upon abutting property under

Opinion of Court below.

the foot-front rule, it is no defence against the claim that the property is but a narrow strip along the street and not worth the amount of the assessment claimed: Michener v. Philadelphia, 118 Pa. 535.

Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 21 May Term 1888, Sup. Ct.; court below, No. 545 November Term 1886, C. P.

On November 13, 1886, a writ of scire facias was issued by the city of Harrisburg upon a municipal claim, filed on July 15, 1885, for $446.05, assessed for water pipe, under the foot-front rule, against an abutting lot belonging to the estate of James McCormick, deceased.

On January 14, 1887, James McCormick, one of the trustees of the defendant estate, made and filed an affidavit of defence which averred:

" The lot of ground against which the lien for water pipe, amounting to $446.05, is filed, is a narrow, triangular strip, about 31 feet wide at the one end, and running thence along Ninth street, about 405 feet, diminishing in width until it reaches a point. A part of this land is claimed by the Pennsylvania Canal Company, and the title is in dispute. The defendant is advised by counsel and avers that the foot-front assessment, on which the lien is based, as applied to a piece of ground of this description is unjust, inequitable and not warranted by law, the whole property in the opinion of the defendant, not being worth the amount assessed against it. The defendant, therefore, alleging that proof will be given, on the trial of the cause, of the facts averred in this affidavit, prays for judgment against the plaintiff that it cannot maintain its lien against the property; and the defendant believes and avers that the act of May 23, 1874, under which the lien referred to was filed, is unconstitutional and void.

Upon a rule for judgment for want of a sufficient affidavit of defence, the court, SIMONTON, P. J., on April 28, 1888, filed the following opinion:

This case comes before us on a motion for judgment for want of a sufficient affidavit of defence. Two grounds of defence are stated in the affidavit:

Opinion of Court below.

1. That the act of May 23, 1874, P. L. 266, under which the assessment was made and the lien filed is unconstitutional and void. This is conceded on behalf of the plaintiff, but it is claimed that the assessment and lien were validated by the act of May 17, 1887, P. L. 117, and the act of May 24, 1887, P. L. 261. There is abundant authority for this claim: Grim v. Weissenberg School District, 57 Pa. 433; Hewitt's App., 88 Pa. 55; and this defence must fail.

2. The affidavit avers: " The defendant is advised by counsel and avers that the foot-front assessment, as applied to a piece of ground of this description, is unjust and inequitable and not warranted by law, the whole property, in the opinion of the defendant, not being worth the amount assessed against it." It is also stated in the affidavit that the ground assessed is a triangular lot abutting on three streets, about 31 feet wide at one end, and running to a point at the distance of 405 feet, and the assessment is for laying water pipe along this whole distance at $1.10 per foot, amounting to about $446. The opinion of the affiant may therefore very readily be thought correct; but we are unable to see how, under the law, the facts can constitute a valid defence.

The late case of Michener v. City of Philadelphia, 118 Pa. 535, re-affirms the oft declared doctrine of the constitutionality of the per foot-front rule of assessment, and declares that such assessments are " a species of taxation, and all taxation is presumed to be for the benefit, directly or indirectly, of the taxpayer or his property." And further: " It would be intolerable if in every instance of special taxation the question of benefits could be thrown into the jury box." On the authority of the principles thus clearly stated we must adjudge the affidavit of defence insufficient.

Judgment is therefore directed to be entered for the plaintiff, the amount to be liquidated by the prothonotary.

Judgment was accordingly entered for the plaintiff for $520.61, whereupon the defendant took this appeal, alleging that the court erred:

1. In directing judgment to be entered for the plaintiff.
2. In ruling that the act of May 17, 1887, P. L. 117, and the

act of May 24, 1887, P. L. 261, validated the assessment and lien made and entered under the act of May 23, 1874.*

3. In ruling that the foot-front rule of assessment, as applied to the property mentioned in the affidavit, was legal and valid.

*Mr. H. M. Graydon*, for the appellant.

Counsel cited: Schenley v. Allegheny City, 36 Pa. 29; Hammett v. Philadelphia, 65 Pa. 146; Seely v. Pittsburgh, 82 Pa. 360; Craig v. Philadelphia, 89 Pa. 265.

*Mr. Thos. S. Hargest*, for the appellee.

Counsel cited: Butler's App., 73 Pa. 451; Stewart v. Philadelphia, 4 Cent. R. 674; In re Centre Street, 115 Pa. 247; Michener v. Philadelphia, 118 Pa. 541.

PER CURIAM:

It may be that the foot-front rule is not the best that might be devised for the assessment of street improvements in cities upon abutting property, but for the present it is the only one we have; and, while it has been held that it cannot be applied to farm lands, it has nowhere been decided that it is not applicable to city property. It is perhaps impossible to frame any general rule that would produce exact uniformity and do equal justice in all cases. This arises from the fact that a rule to be valid must be general, and the further conceded fact, that in the application of all general rules there will be cases of individual hardship. This would appear to be one of such cases. The lot against which this assessment was filed consists of a long narrow strip, with a front of several hundred feet upon the street, and only 31 feet deep at one end and narrowing to the other. The lot is said not to be worth the amount of the assessment against it. If this be so, it does not affect the validity of the law under which the assessment was filed. As a general rule the hardship may be avoided in such cases by squaring the lot with the owner of the rear, and in this way lessening the front and deepening the remainder. If the objection now made to this assessment were to prevail, it would be very easy for the owner of a valuable lot to convey a narrow

---

*See Meadville City v. Dickson, ante, p. 1.

strip of the front to a convenient friend, and thus escape altogether. We are of the opinion that the defendant's affidavit does not disclose a sufficient defence. The case is ruled by Michener v. City of Philadelphia, 118 Pa. 535.

Judgment affirmed.

