## Philadelphia v. Snedaker, Appellant.

*Municipal liens—Water pipes—Foot-front assessment—Vacation of street—Act of June 4, 1901, P. L. 364.*

There is nothing in the Act of June 4, 1901, P. L. 364, which changes the foot-front rule of assessment for water pipes in a street. The use of the words "benefited thereby" in Section 4 of the act, does not require proof of special benefits to the property against which the lien is filed before there can be a recovery.

The vacation of a duly dedicated and accepted street does not impair the lien against an abutting property for the cost of laying water pipes; and especially is this so where it appears that the street had been vacated at the request of the property owner.

*Municipal lien—Scire facias—Service—Return of sheriff—Practice, C. P.*

A sheriff's return of a scire facias sur municipal lien to the effect that the defendant could not be found, is not impaired by the fact that an inspector of a city five years before had knowledge of the residence of the defendant.

Submitted Oct. 18, 1917. Appeal, No. 146, Oct. T., 1917, by defendant, from order of C. P. No. 1, Philadelphia Co., March T., 1908, No. 962, M. L. D. discharging rule to open judgment in case of City of Philadelphia v. Frank C. Snedaker, Charles Muehlman and Paul Muehl-

man, trading as Frank C. Snedaker & Company.    Before
ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART,
TREXLER and WILLIAMS, JJ.    Affirmed.

Rule to open judgment.

From the record it appeared that a judgment was ob-
tained by default after posting and advertising on a mu-
nicipal claim for water pipe laid in front of the vacant
lot of the defendants.    A petition was filed to open this
judgment setting forth that at the time the pipe was laid
the street in front of the property liened was not actually
open or in use by the public and served no useful pur-
pose; that there was never any necessity or occasion to
place water pipe in the bed of the street in front of the
property and that the street was subsequently vacated;
also that the defendants had never had notice of the pro-
ceeding.

The plaintiff's answer to the rule alleged that there
was a necessity for laying the water pipe at the time in
question.    It also alleged that defendants had knowl-
edge of the work being done, and that the street had been
vacated at the instance of defendant.

The court discharged the rule.

*Error assigned* was order discharging the rule.

*G. Von Phul Jones,* for appellants.—Judgment was ob-
tained without proper service.    Act of May 6, 1909, P.
L. 452.

In order to sustain the lien, it must be shown that
some special benefit accrues to the property by reason of
the work: Act of 1901, Sec. 4, P. L. 366.

In the following cases, where there was no special
benefit to the property, no lien was allowed: Park Ave-
nue Sewers, 169 Pa. 433; City of Philadelphia v. Weth-
erill, 13 W. N. C. 10; Crawford's Est., 14 Philadelphia
323; Scranton v. Pa. Coal Co., 105 Pa. 445; Philadel-
phia v. Bilyeu, 36 Pa. Superior Ct. 562; Fifty-fourth

Street, 165 Pa. 8; Liberty Ave., 54 Pa. Superior Ct. 242;
Harrisburg v. Fuller, 23 D. R. 851; Philadelphia v.
Meighan, 27 Pa. Superior Ct. 160; Steelton Borough v.
Booser, 162 Pa. 630; Hammett v. Philadelphia, 65 Pa.
146.

By vacating the street the city waived its claim for
water pipe: Coxe v. Philadelphia, 47 Pa. 9; City v.
Cuthbert, 4 W. N. C. 263; Philadelphia v. Baird, 1 W.
N. C. 126.

*William F. Rorke* and *John P. Connelly,* for appellee.
—A property owner is not relieved from liability for a
municipal assessment on the ground that his property
was not benefited by the improvement: Murdock v. Pitts-
burgh, 223 Pa. 280; Philadelphia v. Odd Fellows Hall
Association, 168 Pa. 105; Philadelphia v. Nock, 12 Pa.
Superior Ct. 44.

The assessability of property for municipal improve-
ments must be determined as of time when the work was
done: Allegheny City v. King, 18 Pa. Superior Ct. 182.

OPINION BY TREXLER, J., March 2, 1918:

The City of Philadelphia on May 25, 1908, filed a lien
for the cost of laying water pipes in Schiller street.
Afterwards, in 1911, at the instance of the defendant, the
portion of Schiller street in which the pipes had been
laid was vacated, the defendant agreeing to file no claim
for damages by reason of said vacation. Suit was
brought and judgment was entered upon the lien and
the present proceedings come to us upon a petition to
open judgment. The reasons alleged in support of the
petition were, (1) That in order to sustain the lien
it must be shown that some special benefit accrued to
the property by reason of the work. The foot-front
rule assessment has been repeatedly sustained by our
courts. That there may be cases of apparent individual
hardship arising does not condemn the rule. It is a
species of taxation and is presumed to be for the bene-

fit of the taxpayer or of his property: Michener v. City of Philadelphia, 118 Pa. 535; Harrisburg v. McCormick, 129 Pa. 213; Philadelphia v. Bilyeu, 47 Pa. Superior Ct. 148; McKeesport Boro. v. Busch, 166 Pa. 46. The appellant, however, contends this has been changed by the Act of June 4, 1901, P. L. 364, Section 4, of which provides that the lien for laying water pipes and various other improvements "shall exist in favor of, and the claim therefor may be filed against the property benefited thereby, and in favor of the city, county or borough extending the benefit." We do not read the sentence above quoted as requiring proof of special benefit to the property against which the lien is filed before there can be a recovery. It was said in Michener v. Philadelphia, supra, "It would be intolerable if in every instance of special taxation the question of benefit could be thrown into the jury box." When the legislature used the word "benefit" there was no particular reference made to the foot-front rule, nor was there any thought expressed looking to its change. The property benefited is evidently such property as abuts on the street improved and which is affected by the improvement and which, as was declared in the decisions prior to the act, is presumed to be benefited by it.

(2) The second position assumed by the appellant is that the city, by vacating the street, lost its right to claim for the water pipes. It appears in the case that the street was dedicated and accepted by the city, that its boundaries were delimited, that the city exercised dominion over it and the defendant recognized it as an existing street, and petitioned for its vacation; that the street was not maintained on its proper grade and was allowed to become a dumping place for ashes and other materials, does not affect the question. The court having found that the street was legally opened and that it was afterwards vacated, does not prevent the city from recovering on the lien filed for the cost of the water main. The assessability of property is determined as of the

time when the work was done: Allegheny City v. King, 18 Pa. Superior Ct. 182.   The argument that there being no longer any street there is no more use for the pipes, loses its force for the reason that the situation is one of the defendant's own making, as the street was vacated at his request.   This is an appeal to the equitable powers of the court, and the defendant cannot allege a wrong arising from a situation in the creation of which he was the actor.

(3) The appellant contends that the writ of scire facias was not served properly.   An examination of the records shows that the sheriff followed the directions of the Act of May 6, 1909, P. L. 452.   That an inspector of the city five years before had knowledge of the residence of the owner is not sufficient to in any way impair the return of the sheriff, which is to the effect that in 1913 he could not find the defendant.

The order of the court is affirmed.