## Diehl et ux. v. Butler Township

*Lee C. McCandless*, for plaintiffs.

*Carmen V. Marinaro*, for defendant.

SHUMAKER, P. J., March 22, 1955.—This matter is before the court on motion in behalf of Butler Township to strike off an appeal by plaintiffs to this court

from a viewers' award assessing them, as landowners, the sum of $218.68 as their share of the cost of construction of a public sewer, recently laid along part of their property by the township commissioners.

The appeal as filed avers that plaintiffs are the owners of lot no. 10 in the Oakvale Plan of Lots in Butler Township and that the above assessment is illegal, unjust and excessive for the reason that the sewer for which the assessment was made does not benefit said lot no. 10 as this lot is served by a sewer on another street. It is further charged that the action of the board of viewers in respect to this particular lot therefore constitutes double assessment for sewer purposes.

The motion to strike the appeal is based on the proposition that whether or not plaintiffs are required to pay this assessment is purely a matter of law in this case, that there exists no question of fact to be determined by a jury, and that, therefore, the proper and only remedy available to plaintiffs was to file exceptions to the award of the viewers and such matters are not raised on appeal.

There are, of course, two methods of assessing property owners with the costs of sewer constructions under the Act of June 24, 1931, P. L. 1206, art. XXIV, sec. 2408, as amended, May 27, 1949, P. L. 1955, sec. 4953, PS §19092-2408: One being in proportion to their land frontage abutting on the sewer, commonly referred to as "the front-foot rule"; the other method being an assessment of the abutting properties "in proportion to benefits".

While it does not appear in the pleadings, it is significant to note that plaintiffs in the case before us were assessed, as admitted by counsel, on the second method, namely: In proportion to benefits received.

At this point we are confronted by a most unusual situation, as strange as this court has encountered in many years in the practice of law or on the bench.

Here we have two able and experienced trial lawyers, leaders of our bar, one arguing that appeal is the proper remedy and the other arguing with equal forcefulness that filing exceptions is the only method for adjudicating the rights of these parties, and each relying on the same case as the leading authority in Pennsylvania in support of their respective positions, that case being the Supreme Court decided case of Lower Chichester Twp. v. Roberts et al., reported in 308 Pa. 195, 162 Atl. 460. Strange this case should be considered in the light of dual construction.

This court has studied this case with the care of a law student and we now brief it as follows:

A municipality constructed a sewer in front of the appellants' property and levied an assessment for benefits against the property owners. Included in the cost of laying the sewer were such items as fees to the civil engineer, the solicitor and secretary, printing, advertising and filing costs, and the costs of a lot of ground through which the sewer was laid. The question was whether these items could be challenged on an appeal from the board of view or whether they were properly raised on exceptions filed to the report of the viewers.

The court of common pleas held that the propriety of including these items could be raised only by exceptions and not by appeal, but in so holding was reversed by the Superior Court of Pennsylvania on an appeal taken. The Supreme Court later vacated the judgment of the Superior Court and affirmed the court of common pleas holding that exceptions to the report of viewers is the proper remedy where questions of law, rather than questions of fact, are raised.

The Act of June 24, 1931, P. L. 1206, sec. 1935, 53 PS §19092-1935, provides for the filing of the exceptions to the report of viewers, and the Act of May 27, 1949, P. L. 1955, as amended, sec. 42, 53 PS

§19092-1945, provides for appeal from the board of viewers.

In the case of Ross Township v. Hanlon, 80 D. & C. 581, it was held that the filing of exceptions is not a prerequisite to an appeal from a sewer assessment under the Act of 1945 of the First Class Township Code.

The Act of Assembly, last cited, provides that:

"Within thirty days after any report of viewers is filed in the court of common pleas, any party whose land or property is taken, injured or destroyed, or against whom benefits are assessed, may appeal to the court of common pleas and demand a trial by jury."

Quoting from the Lower Chichester Township case, above cited:

"If it be said that the act provides that exceptions and appeal must be entered within the same time, thirty days after the filing of the report of viewers, and that this would seem to be incongruous, our answer is that there is no reason apparent why they should not be. If the exceptant gets what he wants when his exceptions are disposed of, he can drop his appeal. . . . It will still be true that 'an appeal from the award of viewers brings up the whole case', but the whole case, so far as the jury is concerned, is that part of the proceeding within its competence to pass upon."

While at first blush it would appear that plaintiffs have raised a question of law, that is: Whether or not an assessment can be made on a benefit basis against a lot which is served already by another sewer, and if this be true, then the position of defendant township is well taken, and under the Lower Chichester Township case the matter could only be raised on exceptions and this appeal now before the court should be stricken.

However, it appears in the appeal taken that plain-

tiffs claim that the assessment is excessive. This raises the question of fact whether the property has been benefited by the improvements and, if so, in what amount.

As stated in the Lower Chichester Township case, cited supra:

"All legal questions should be preliminarily disposed of, so that the jury in court will have to dispose only of the one clear cut issue: whether the property has been benefited by the improvement, and if so, to what amount." Therefore, on such an issue an appeal would lie.

Plaintiffs are not challenging the items which made up the assessment. This matter therefore is properly for a jury as the fact that the lot is served by another sewer is not a defense to the assessment.

In the case of Philadelphia v. Nock et al., 12 Pa. Superior Ct. 44, it was held:

"It is further urged that some of the lots of the defendants front on other streets; that upon these streets sewers have been constructed and paid for by the defendants; that these sewers sufficiently drain the defendants' lots and that the defendants therefore should not be required to pay the present assessment. This position is not tenable. If, as we have shown, the land is liable for the assessment, the fact that other and adequate sewers have been constructed on other streets and have been paid for, does not relieve: Michener v. Phila., 118 Pa. 535."

Hence this order

### Order of Court

And now, March 22, 1955, the motion to dismiss the appeal is refused.