# Upper Moreland-Hatboro Joint Sewer Authority, Appellant, v. Pearson.

108

Argued June 8, 1959. Before Rhodes, P.J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Samuel H. High, Jr.,* for appellant.

*Thomas M. Garrity,* for appellee.

OPINION BY ERVIN, J., July 3, 1959:

This is an action of scire facias sur municipal lien whereby the appellant seeks to enforce a lien arising from the installation of a sanitary sewer. The parties agreed upon the facts by a case stated, a summary of which is as follows: Defendant, Lewis Pearson, owns a lot and dwelling house erected thereon, known as Lot No. 106 on plan of Ferguson's Willow Grove Tract, Upper Moreland Township, a first class township. The lot has a frontage of 50 feet on Summit Avenue and extends of that approximate width to Allison Road where the frontage is 50.03 feet. The total depth of the lot is approximately 175 feet. The house fronts on Summit Avenue. The zoning ordinance of Upper Moreland Township is such as to prevent defendant from erecting a house fronting on Allison Road. Before December 15, 1953, the Township of Upper Moreland caused a sewer to be constructed in the bed of Summit Avenue, along the front of defendant's property. Defendant connected his house with the sewer line in Summit Avenue, and paid the assessment for the construction of the sewer.

The plaintiff, Upper Moreland-Hatboro Joint Sewer Authority, was incorporated on December 15, 1953, pursuant to the Municipality Authorities Act of May 2, 1945, P. L. 382, as amended, 53 PS §301 et seq. In 1955 the sewer was constructed in the bed of Allison Road. The sewer extends for 25 feet in front of defendant's property. The cost per total foot frontage of the properties benefited, improved or accommodated by the sewer was $9.8058. The Authority exempted 25.02 feet of the defendant's frontage from assessment,

but assessed 25.01 feet, at the aforesaid cost per foot, making his total assessment in the sum of $245.24. The sewer in Allison Road is of no special benefit to defendant's property, and defendant has not connected his house therewith.

The plaintiff filed a municipal lien for the aforesaid assessment as of No. 242 June Term 1956 for the sum of $245.24, plus penalty of five per cent or $12.26. Plaintiff then caused this sci. fa. sur municipal claim to be filed and defendant filed an affidavit of defense. Defendant has stipulated that if the lien claim is valid and was properly assessed against his property, plaintiff is entitled to judgment against him in the sum of $245.24 with interest from March 1, 1956 and with a penalty of five per cent for nonpayment.

The sole question is whether the appellant may assess the cost of constructing sewers abutting the rear of appellee's lot, against the appellee's property, where (1) the property is fully and adequately served by a municipal sewer abutting the front of appellee's property; (2) appellee has been assessed for (on a foot front basis) and has paid the cost of constructing the sewer along the front of his property and (3) the municipal zoning ordinance prohibits subdividing the lot or erecting more than one dwelling thereon.

In §4, subsection B(s), 53 PS §306B(s), of the Municipality Authorities Act, the authority is granted the right and power "To charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule." The appellant contends that its lien may be sustained even though the property was not benefited, improved or accommodated by the sewer. The foot front method of apportionment is but a practical substitute for an actual assessment by a jury of view. It is not a princi-

ple of taxation but is merely a convenient method of practical adjustment of proportional benefits and it is allowable only because it practically arrives at a correct result in adjusting the burden according to the benefits. An application thereof which does not reflect an assessment according to benefits is in excess of legislative power. *Harrisburg v. McPherran*, 14 Pa. Superior Ct. 473, 489, 490; *Spring Garden Twp. v. Logan*, 149 Pa. Superior Ct. 580, 583, 584, 27 A. 2d 419. Where statutes require assessments to be apportioned according to benefits conferred on the property assessed for the improvements, an assessment made on a frontage basis merely without regard to benefits is invalid: *Borough of Williamsburg v. Bottenfield*, 90 Pa. Superior Ct. 203.

The appellant relies greatly upon *Michener v. Phila.*, 118 Pa. 535, 12 A. 174. It is true that our Supreme Court in that case approved the collection of a sewer constructed in a third street when the owner had already paid for the construction of sewers in two other streets abutting his property. The *Michener* case was followed and relied upon in the following cases: *Harrisburg v. McCormick*, 129 Pa. 213, 18 A. 126; *Phila. v. P. & R. R. Co.*, 1 Pa. Superior Ct. 236; *Phila. v. Snedaker*, 69 Pa. Superior Ct. 118; *Diehl v. Butler Twp.*, 4 Pa. D. & C. 2d 734. The statute which was involved in the *Michener* case was the Act of March 27, 1865, P. L. 791, §1, which provided "That the city of Philadelphia shall have power to construct sewers . . . in the streets of said city, and to charge the sum of seventy-five cents for lineal foot, against each front . . . ." It should also be noted that in this act the legislature provided for an assessment against owners of a flat charge per lineal foot of frontage without mention of benefits accruing to the owners from the construction of the sewers. In the instant case the

legislature has only authorized the authority to assess against properties benefited, improved or accommodated. The parties agreed that the appellee's property was not benefited. Because of the zoning ordinance he could not build another dwelling upon his lot, it being only 175 feet in depth. When the property is not benefited, our courts have not hesitated to declare that the assessment could not be sustained. While there is a presumption that a property is benefited by the construction of a sanitary sewer adjacent to it, this presumption may be rebutted and was actually rebutted by the stipulation of the parties in the present case. This principle has received recognition recently in *Altman v. Phila.*, 393 Pa. 246, 141 A. 2d 592, in which our Supreme Court affirmed the supplemental adjudication of Judge FLOOD in 12 Pa. D. & C. 2d 621. In that case the City of Philadelphia, by ordinance of July 14, 1954, provided, inter alia, that additional widths of Stenton Avenue from Phil-Ellena Street to Murdoch Road should be paved and that the contractor should collect the cost thereof from abutting owners. On December 30, 1955 the city passed another ordinance providing that the city should pay the contractor for the paving and relieving the owners therefrom. In this ordinance it was recited that Stenton Avenue had developed into an arterial highway, as a result of which traffic had increased substantially, that the purpose of the paving was not to benefit the abutting property owners but the public generally in improving the flow of traffic within the city and that the owners of abutting properties derived no benefits from the paving but actually suffered a detriment in an increase in noise, dirt, noxious fumes and the creation of a parking problem. This suit in equity to enjoin the city from paying out the money under the ordinance of December 30, 1955 resulted. The plaintiff argued

that benefit is conclusively presumed if the paving is an original paving, which this admittedly was. While the street had been originally paved for a certain width, this paving was for additional widths only. The city argued that benefit is a question of fact to be determined on all the evidence. In his adjudication Judge FLOOD said: "It is true that under earlier statutes, which directed that municipalities assess for improvements according to foot frontage, it was held no defense to such assessments that the property was not benefited at all: Michener v. Philadelphia, 118 Pa. 535 (1888). This line of cases, however, merely holds that the legislature lawfully could provide for assessment by foot frontage and deny an appeal from this determination because the use of a general rule is administratively convenient and acceptable if based upon a reasonable presumption of benefit. The legislature, however, presently has authorized the city only to assess 'according to benefits': Act of May 16, 1891, P. L. 75, sec. 8, as amended; Act of April 29, 1937, P. L. 485, sec. 1, 53 PS §1721. We think that under this statute an assessment is invalid where the property was not benefited." He further said: "In view of the fact that nothing in the evidence contradicts the councilmanic finding in the Ordinance of December 30, 1955, that no benefit was received by the abutting properties from the paving in question, those properties were improperly assessed and the ordinance relieving them satisfied both legal and moral obligations of the city and is valid." The court in banc referred the matter back to the chancellor to receive such evidence of benefit as plaintiff might present. Such hearing was held but the evidence presented by plaintiff did not, in the court's opinion, change the result. In a supplemental adjudication the court adhered to its view as expressed in the original adjudication and found that the paving

benefited the public generally and not the abutting owners.

To adopt the appellant's contention would render meaningless the language "against the properties benefited, improved or accommodated thereby" in the Municipality Authorities Act of May 2, 1945. Every law shall be construed, if possible, to give effect to all its provisions: Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS §551.

Where a property is first benefited by a municipal improvement it is assessable therefor, but where it has once enjoyed the particular improvement, the property is not assessable for a second improvement of the same character: *Phila. v. Meighan*, 27 Pa. Superior Ct. 160; *Vendetti Appeal*, 181 Pa. Superior Ct. 214, 124 A. 2d 448.

Judgment affirmed.