**Upper Moreland-Hatboro Joint Sewer Authority v. Fulmor Heights Home Ownership Association**

*Samuel H. High, Jr.*, for plaintiff.

*John E. Landis*, for defendant.

HONEYMAN, J., July 14, 1961. — The facts in this case have been stipulated to by the parties and it is before the court on a case stated. Plaintiff constructed sanitary sewers abutting defendant's premises, filed a scire facias sur municipal lien against defendant, and defendant filed an affidavit of defense to the writ and lien.

Plaintiff is a municipal authority organized pursuant to the provisions of the Act of May 2, 1945, P. L. 382, as amended, 53 PS §301 et seq. Defendant is a non-profit corporation whose stated corporate purpose is to manage and operate a housing development known as Fulmor Heights. Defendant is the owner of this development by virtue of a deed from the United States of America, through the Federal Public Housing Commissioner, and dated June 1, 1947. The property is a tract of ground of approximately 60 acres in Upper Moreland Township. The development was constructed during World War II by the Federal government and is a planned, integrated housing project, comprising 300 dwelling units, streets, sanitary sewers in the beds

of the several streets and courts therein, recreation areas and other facilities. The interior streets of the development enter into Warminster Road and Byberry Road, two external public roads abutting the tract of defendants. The sanitary sewers are connected to an interceptor line running to the sewage disposal plant of Upper Moreland Township through a right of way secured by condemnation by the United States of America. By agreement, in 1949, these sewers were dedicated to and accepted by the township so that they became a part of the township sewer system. By a deed on the same date, the aforementioned right of way and all of the interior streets in defendant's development were conveyed to, and accepted by, the township. In August of 1956, plaintiff filed a municipal lien in the amount of $20,426 against defendant for the installation of sanitary sewers in the beds of Warminster Road and Byberry Road. This sum was computed on the front-foot rule basis and was for 2083.10 assessable feet, the entire frontage of defendant's property on both of these streets. However, plaintiff now agrees that this was in error, and the maximum amount assesable is 1175 feet on these two streets.

All of the buildings constructed on defendant's property face and front on the interior streets or courts, and are being fully and adequately served by the previously existing sewer system constructed in the beds of these interior streets. However, at the time of the construction of the new sewers, there was sufficient unused open area existing between defendant's buildings and the curtilages appurtenant thereto and the boundaries of Warminster Road and Byberry Road to permit, consistent with the requirements of the Zoning Code of Upper Moreland Township, the sale and/or development of these unused open areas or parcels for residential purposes. They have a total frontage of 850 feet on Warminster Road and 325 feet on Byberry

Road. By an amendment to the zoning ordinance in 1959, this area was placed in an "R-3" residential zone, which would permit the sale and/or development of substantially the same amount of area having the same frontage, provided a special exception was granted as to one lot, which has an area of 12,400 square feet rather than the required 14,000 square feet. None of these areas or parcels also have frontage on the interior roads of the development.

The two questions presented to the court for determination are:

1. Is defendant's premises benefited, improved or accommodated by plaintiff's sewer construction and, if so, how much front footage of defendant's premises is subject to assessment?

2. If any of defendant's property is subject to assessment, is defendant entitled to a corner lot exemption as provided for in a resolution of the plaintiff authority?

There is a presumption that a property is benefited by the construction of an abutting sanitary sewer but this presumption may be rebutted: Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, 190 Pa. Superior Ct. 107 (1959). In the Pearson case, supra, the landowner owned a lot which had a frontage on two streets, Summit Avenue and Allison Road. There was a dwelling erected on this lot which faced on Summit Avenue. A sewer was constructed in the bed of Summit Avenue, and the owner connected his house with this sewer line and paid the assessment. Subsequently, a sewer was constructed in the bed of Allison Road and the authority assessed the landowner for this sewer line. The landowner's dwelling was adequately served by the first sewer and because of the zoning ordinance he could not build another dwelling on his lot. The Superior Court affirmed the lower court's finding that

the presumption, i.e., that the property was benefited, was rebutted. In the instant case, buildings presently constructed on defendant's premises are adequately served by the sewers that were constructed in the beds of the interior streets. Defendant contends that there is no benefit to the unused vacant areas which abut the new sewer line, because these areas are an integral part of the developed community and there is no real or reasonable likelihood that they would be sold and developed. However, they are presently unused, and they are not necessary to meet any area requirements under the zoning code for any of the existing structures. Under the present zoning regulations, these areas can be improved with dwelling houses and therefore the construction of the abutting sewer line was a benefit. The one parcel has only 12,600 square feet of area rather than the 14,000 square feet required by the zoning ordinance. However, the ordinance provides that if a lot has an area of less than 14,000 square feet, a dwelling may be erected thereon when authorized as a special exception. As stated above the presumption is that the property in question was benefited by the abutting sewer. In the Pearson case, supra, the lot in question could not be built upon under the zoning regulations and the parties had stipulated that the property in question was, in fact, not benefited by the construction of the sewer line. There is nothing in the facts presented in the instant case that indicates that the special exception could not be obtained nor to rebut the presumption that this parcel was benefited.

The United States of America, acting through the Federal Public Housing Authority, is the mortgagee of the development. One of the terms of the mortgage is that defendant shall not, *without the consent of the mortgagee*, lease or otherwise dispose of any interest in the property except by means of a mutual ownership contract. This mortgage does not forbid defendant

from making use of the property itself and, upon obtaining consent, defendant could sell the parcels. The terms of the mortgage do not have the effect of rebutting the presumption that the property was benefited.

By resolution, plaintiff authority provided for a corner lot exemption. This provides that where any property is situated at the intersection of, and thus adjacent to, more than one street in which a sewer line is constructed so that a sewer line passes in front of two sides of the property, the owner shall be assessed for the full length of one side and only such part of the other side as exceeds 100 feet. However, the plan or survey used as a basis for the stipulation of the parties discloses that none of the parcels in question are at the intersection of Byberry and Warminster Roads. These areas are being assessed as separate parcels, no one of which abuts on more than one street. As a result, defendant does not qualify for a corner lot exemption. The factual situation before this court in the case of Springfield Township Authority v. Braun, 15 D. & C. 2d 352 (1956), cited to us by defendant, is clearly distinguishable.

### Order

And now, July 14, 1961, upon stipulation of facts by counsel for plaintiff and defendant, upon consideration thereof by the court, as well as after oral argument before the court en banc, and consideration of briefs filed, it is ordered, adjudged and decreed that defendant is not entitled to the corner lot exemption from sewer assessment and that 1175 feet of the frontage of defendant's premises as delineated on plan or survey attached to the record are subject to the assessment.