## Upper Yoder Township Authority v. Gregory

*Margolis, Coppersmith & Shahade,* for plaintiff.
*Di Francesco & Di Francesco,* for defendant.

McDONALD, J., July 30, 1964.—On September 11, 1957, plaintiff authority filed a municipal claim for sewer construction against a property situate in Upper Yoder Township, Cambria County, owned by Francis A. Gregory and Della R. Gregory, husband and wife. The claim was calculated on the basis of front footage at $330. Subsequently, Della R. Gregory died, and the property was conveyed by Francis A. Gregory, the survivor, to George E. Gregory and Mardell A. Gregory, husband and wife. The claim was revived by sci. fa. naming the grantees as terre tenants.

The lot is 246.29 feet deep and fronts 60 feet on Mars Street. A house is constructed 108.5 feet from the street-property line. The zoning ordinance in existence at time of the hearing requires that buildings be constructed at least 30 feet from the street, but does not otherwise prohibit construction of other dwellings on the lot.

In 1958, when notified to tap into the sewer, it was discovered by defendant Francis A. Gregory that the house was not at a sufficient elevation to permit a successful tap. Upon notifying the plaintiff, he was advised by letter, signed by president of the authority and dated September 17, 1958, that three methods could be used to "abate a nuisance detrimental to the health of the community," to wit: (1) Tap into the sewer at a lower point and provide a trap in the water closet, this method would provide a 1.42 per cent drop, which, according to defendants' engineers, is not satisfactory; (2) construct a septic tank complying with

Pennsylvania Department of Health regulations and Township ordinances; (3) secure an easement over other property and connect to a sewer in Goucher Street.

Defendants constructed a septic tank in lieu of the other suggested methods.

According to T. L. Locher, a registered engineer, called by the plaintiff, a house could be constructed on the front of the lot at an elevation adequate to permit a sewer tap, and in compliance with existing zoning regulations. This is not contradicted by defendants, although it was testified they do not intend to build on, or to sell the front portion of the lot.

Defendants have moved to strike off or open the claim for the reasons (1) The property was not benefited by the sewer line, (2) plaintiff is estopped from entering the claim by its letter of September 17, 1958.

The claim here is assessed pursuant to section 4 of the Municipality Authorities Act of 1945, P. L. 382, 53 PS §306 B (s), which empowers an authority "to charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot-front rule. . . .": Whitemarsh Township Authority v. Elwert, 413 Pa. 329; Hencken v. Bethlehem Municipal Water Authority, 364 Pa. 408.

In order to sustain a municipal lien, the property must be benefited, improved and accommodated: Wilson v. Upper Moreland-Hatboro Joint Sewer Authority, 183 Pa. Superior Ct. 588, affirmed 392 Pa. 245. There is a rebuttable presumption a property is benefited by the adjacent construction of a sewer: Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, 190 Pa. Superior Ct. 107, 112; Whitemarsh Township Authority v. Elwert, supra.

Generally, the question of benefit or lack thereof, arises when the foot-frontage method of assessment

is used. Formerly it was not necessary the property be benefited: Michner v. Philadelphia, 118 Pa. 535; Harrisburg v. McCormick, 129 Pa. 213. However, it is now recognized this method is not a principle of taxation, but rather a convenient and practical substitute for an assessment by a jury of view. Usually proportionable benefits do occur when improvements are made adjacent similarly situated properties. Hence, the presumption thereof. When, however, an application of this method results in an assessment in excess of benefits, or where no benefit occurs, then the use of this method and the resulting lien exceeds the legislative power: Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, supra; Spring Garden Township v. Logan, 149 Pa. Superior Ct. 580.

Defendants here are not using the sewer adjacent their property. From a practical engineering standpoint it is not feasible to do so. We may, therefore, conclude there is no benefit to the structure now existing on the lot. However, section 4 B(s) of the Act of 1945, refers to the "property benefited, etc." rather than the structure, since the phraseology used to support the assessment is the "foot-frontage of the properties." Thus, a vacant lot would be assessable as benefited.

Defendants' house is set back an unusual distance from Mars Street as compared to those on adjoining lots. At the time of construction in 1947, it was contemplated the structure would be used as a garage and apartment. Thus, a larger area to the front was reserved for driveway purposes. The garage plan, however, was abandoned and it has always been used as a dwelling. As testified to by plaintiff's witness, Mr. Locher, a house could be constructed in accord with zoning regulations on that area of the lot between the present house and Mars Street at a sufficient elevation to make a satisfactory sewer connection. This is not

contradicted by defendants, although, as previously stated, they testified it was not their intent to build or to sell.

In our opinion, the presumption of benefit to the lot by construction of the sewer has not been overcome. The property is benefited, improved and accommodated where the sewer is made available for that area which may be built upon. Pearson, relied upon by defendants, is distinguishable. In that case further building was prohibited by zoning ordinance. It was also agreed by plaintiff authority there was no benefit to the lot by construction of a new sewer line in Allison Road since the existing structure was connected to a previously laid line in Summit Street. In the case at bar, unlike Pearson, there is adequate area at the front of the lot to accommodate a dwelling which can be connected to the sewer, and no zoning regulations prohibit such construction.

While no appellate case on all facts has been called to our attention, strikingly similar cases in lower courts are Sewer Authority v. Home Ownership Association, 27 D. & C. 2d 217 (Montgomery County), and Hartin v. Abington Authority, 23 D. & C. 2d 505 (Montgomery County). In the former, the assessment for sewer lines in streets adjacent defendant's property was held valid against defendant Housing Authority which had its own sewage system, previously sold to the township, even though it was testified there was no likelihood of sale or development of the unused area adjacent to the new sewers. The court emphasized that, unlike Pearson, the zoning regulations do not prohibit new construction. In the latter case, the existing house on a lot 93 feet wide by 75 feet in depth was connected to a sewer laid adjacent to it. Several years later a sewer was constructed in the street upon which the house fronted. Assessment was made by the foot-front method. In deciding the lien was valid and

enforceable, the court discounted testimony of the unlikelihood that other buildings, which could be serviced by the new sewer, would be built on the lot, and pointed out there was this possibility since the area zoning regulations did not prohibit it.

Defendants have a very heavy burden in cases of this type to rebut the presumption of benefit. See opinion of Judge Griffith in Southmont Borough v. Jamitis, June term, 1960, no. 71 M. L. D., June term, 1963, no. 893. We are satisfied here defendants have failed to sustain that burden with sufficient evidence to require the claim be stricken off or opened.

Defendants also contend plaintiff is now estopped from enforcing the claim against the property in view of its letter of September 17, 1958, to Francis Gregory, giving alternatives by which he could comply with Township ordinances concerning sanitary sewage.

We note the claim was filed on September 11, 1957, or a year before the letter, and therefore the alleged estoppel could not bar its entry, as argued by defendant. If this contention had merit it would be a bar to enforcement, however. The letter also was written after Mr. Gregory, through his attorney, had notified plaintiff it was impossible to connect to the sewer, and suggesting he was willing to install a septic tank to handle "water which is draining to the surface." Defendant admits there was no offer by plaintiff to strike the claim in event he was unable to tap into the sewer and had to use another method of disposal; further, that the interchange of communications, as indicated by the contents of both letters, was not related to the claim but rather to the abatement of a condition which was or would have been a nuisance.

We fail to see how plaintiff's letter can be construed as raising an estoppel. It made no representation, inferentially or directly, that the claim would be discharged by compliance with one of the other suggested

methods of sewage disposal. Defendant admits this and therefore cannot now say he acted to his prejudice in reliance on such a representation. If such was the intent of plaintiff's letter, why would it have suggested as one of the alternative methods, that defendant tap into the sewer at a lower elevation? We note also the letter of defendant's attorney suggests the construction of a septic tank, and therefore when this appeared as an alternate suggestion he could not have been misled or thereby induced upon consideration of the discharge of the claim to use this method.

We are satisfied there is no evidence sufficient to find that plaintiff's letter of September 17, 1958, or any action on its part, raises an equitable estoppel.

### Order

Now, July 30, 1964, upon consideration of the record and briefs, it is hereby ordered and decreed that the rule to show cause why the claim should not be opened or stricken is discharged.