## Chippewa Township Sanitary Authority v. Burget

728

R. *Clifton Hood,* for plaintiff.
R. *Rex Downie,* for defendants.

SAWYER, *P. J.,* January 17, 1975—The Chippewa Township Sanitary Authority constructed a municipal sewage system and, pursuant to ordinance no. 57, assessed the costs of construction on all abutting landowners that were benefited, improved or accommodated on a foot-front or benefits basis.

A sewer line was constructed in the bed of Shenango Road where defendants are abutting property owners, having frontage of 110 feet. The authority then assessed defendants $5 per front foot, or a total of $550. Defendants refused to pay the assessment, and on August 22, 1969, the authority caused a municipal lien to be filed against defendants' property at No. 282 of 1969, Municipal Lien Docket.

The case came before a board of arbitrators who decided in favor of the authority. Defendants appealed that decision to this court, contending that the assessment is invalid because they have not been benefited by the construction of the sewer.

Defendant-husband testified that he refused to

pay the assessment because his property lies below the level of the sewer line thereby necessitating the installation of a sump pump to connect with it. He also stated that he would have no objection if he could hook up by natural flow to the new sewer line.

A real estate expert for defendants testified that construction of the sewer line did not enhance the value of the property in question. His testimony indicated that the first floor and basement of defendants' property were below the level of the sewer line, thereby requiring the installation of a sump pump to connect and that, in his opinion, installing the sump pump and connection to the sewer line would not enhance the value of the property sufficiently to substantiate the required expenditures.

Testimony of an expert for plaintiff-authority indicated that, in his opinion, the property was benefited by the availability of the sewer system because of the numerous problems with septic tanks. The expert testified that the value of the property in this case was enhanced at least $550 and perhaps as high as three times $550 by the construction of the abutting sewer line.

Properties accommodated or benefited by sewer construction may be assessed by the foot-front or benefits-conferred basis. See The Second Class Township Code, Act of May 1, 1933, P.L. 103, sec. 1509, as amended, 53 PS §66509. However, it is defendants' contention that they received no benefit by the construction of the sewer system. There is a presumption that a property is benefited by the construction of a sanitary sewer adjacent to it; however, this presumption may be rebutted: Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, 190 Pa. Superior Ct. 107 (1959).

Generally, the question of benefit, or lack thereof, arises when the foot-frontage method of assessment is used: Upper Yoder Township Authority v. Gregory, 35 D. & C. 2d 96 (1964). The foot-front method of apportionment is but a practical substitute for an actual assessment by a jury of view. It is not a principle of taxation but is merely a convenient method of practical adjustment of proportional benefits and is allowable only because it practically arrives at a correct result in adjusting the burden according to benefits. An application thereof which does not reflect an assessment according to benefits is in excess of legislative power: Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, supra.

Defendants argue that they have received no benefit because they must use a pump to connect with the sewer. Defendant-husband states that he would have no objection if he could hook up by natural flow. It is our opinion that what defendant in fact is doing is comparing benefits with that of other property owners. There was testimony at the hearing to the effect that some of his neighbors have connected by natural flow. We believe there is no requirement in 53 PS §66509 requiring a municipality to provide equal benefits to all abutting property owners; some properties may, in fact, receive greater benefits than others. The sole issue in this case is whether or not defendants' property was benefited. See Ellport Borough v. Hogue, 34 D. & C. 2d 439 (1964).

It is our opinion that the presumption of benefit in this case has not been rebutted. Both parties presented testimony of experts regarding the value of the property, one expert claiming an increase in

value because of the sewer and one expert claiming no increase in value because of the sewer.

Defendants have a very heavy burden in cases of this type to rebut the presumption of benefit: Upper Yoder Township v. Gregory, supra. We are satisfied that defendants have failed to sustain that burden with sufficient evidence.

Defendants here are benefited in that they now have the availability to connect with a public sewer system and they are no longer solely confined to the use of a septic tank with its problems. Defendants' expert agreed that property with a sewer line would be more desirable to a prospective purchaser than property with only a septic system. Based on this testimony and the testimony of the expert for the authority, we find that the benefit of having the availability of tapping into a public sewer line is at least equal to the amount of $550 assessed to defendants. We find defendants' property to be benefited by the amount assessed even though defendants will have the cost of installing a sump pump in order to use the sewer line.

## ORDER

And now, January 17, 1975, upon stipulation of facts by counsel for plaintiff and defendants, upon a hearing held by this court, as well as oral arguments and consideration of briefs filed, it is ordered, adjudged and decreed that the assessment by Chippewa Township Sanitary Authority is valid against defendants, Clyde L. Burget and Faye D. Burget, in the sum of $550, with interest at the legal rate of six percent from the date of filing of the municipal lien, i. e., from August 22, 1969.