## Township of Harborcreek *v.* Erie Drive-In Theatre Corporation, Appellant.

Argued October 28, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Bruce W. Bernard,* with him *Lester S. Hecht,* and *Silin, Eckert, Burke, Siegel & Roseman,* for appellant.

*Eugene J. Brew, Jr.,* with him *Dale & Brew,* for appellee.

OPINION BY JUDGE ROGERS, December 2, 1976:

Erie Drive-In Theatre Corporation, the owner of a tract of land containing 32 acres and located in Har-

borcreek Township, Erie County, has appealed from a judgment entered against it in the Court of Common Pleas of Erie County. The judgment in the amount of $5,394.17 was entered on the appellee's, Harborcreek Township, claim based on a front foot assessment of benefits for the construction of a waterline. The pleadings below consisted of the Township's scire facias sur municipal lien and the appellant landowner's Affidavit of Defense. The latter document raises as defenses to any assessment the following: (1) that because it has leased its property to others for use as a drive-in movie theatre until December 31, 1981, its land is not benefitted by the new waterline, (2) that because the theatre operation is adequately served with water by the City of Erie from a connection on another abutting street, Nagle Road, the appellant's land is not benefitted by the Township's new waterline, and (3) that other properties with frontage abutting on the waterline have been excluded from any assessment for the costs of the project. The Affidavit of Defense makes no specific complaint as to the propriety of the dollar amount of the assessment imposed on the appellant.

At the hearing in the court below it was shown that the landowner's tract is a corner property with frontage on Nagle Road of 896 feet, along which for a distance of 245.80 feet the City of Erie constructed a waterline in 1954, for which a predecessor in title paid an assessment of about $660. The southern boundary of appellant's property abuts another public street, Iroquois Avenue, for a distance of 1609 feet. The Township's claim herein is for the construction by it of a 12 inch waterline along the entire length of the appellant's Iroquois Avenue frontage. The assessment at the rate of $3.525 per front foot produced the total assessment of $5,394.14 for which the court below, after hearing, entered final judgment. It further ap-

peared at the hearing that all except 400 feet of the Iroquois Avenue frontage and other portions of the 32 acre tract not actually devoted to theatre use by the tenant was reserved in the lease for the appellant's use. The Iroquois Avenue frontage is zoned commercially to a depth of 400 feet.

The construction of a waterline is presumed to benefit an abutting property and the burden to rebut the presumption rests on the owner. *Whitemarsh Township Authority v. Elwert,* 413 Pa. 329, 196 A.2d 843 (1964); *Altman v. Philadelphia,* 393 Pa. 246, 141 A.2d 592 (1958); *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson,* 190 Pa. Superior Ct. 107, 152 A.2d 774 (1959). The appellant says that it has rebutted the presumption by showing that the property has a water connection at Nagle Road sufficient for the present purposes of the tenant using a part of its land. This contention is clearly without merit in the light of the facts that the appellant has reserved for its own use 1200 of the 1600 feet of commercially zoned frontage on Iroquois Avenue, as well as other portions of the property not used by the tenant for its drive-in theatre.[1] The landowner's dependence on the case of *Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, supra,* is misplaced because, as the appellant concedes in its brief, the impropriety there found in a sewer assessment was based on three conditions there obtaining: (1) the property was fully and adequately served by a sewer abutting another frontage, (2) the property owner paid for the prior improvement, and (3) *municipal zoning regulations prohibited further subdivision of the lot.* The third condition essential to the *Pearson* holding obviously does not obtain here. Not only are portions of the

---

[1] It appears that the tenant uses about two-thirds of the property for its theatre.

appellant's property presently available for subdivision and use, there is no evidence that the property as a whole is not presently benefitted, despite the lease's postponement of the owner's enjoyment of the use of the leased portion of its land.

The appellant's claim that other properties abutting the waterline were exempted from assessment is also without merit. Its complaint in this regard is founded on the failure of the Township to assess three small lots, not capable of subdivision, which were served with water from a waterline in another street on which they abutted. These lots were clearly not assessable under the rule of *Pearson, supra.*

The appellant on the occasion of this appeal has raised two questions concerning the amount of the lien, a subject not raised in the Affidavit of Defense. We comment on one of these because it may have been otherwise raised below, as evidenced by the fact that the court below first ordered the assessment to be reduced and later amended its order to assess the full amount of the lien as filed. As we understand appellant's brief, it complains of the failure of the Township to assess a claimed 1000 feet of frontage of a public park. Since neither of the parties has cited it, we direct their attention in this connection to Section 5 of the Act of May 16, 1923, *as amended*, P.L. 207, 53 P.S. §7108, providing that property owned by municipalities are not subject to certain municipal claims, including waterlines. We have also carefully examined the lien here filed and find that it was computed correctly. The total cost of the project was in excess of $124,000, the Township deducted $85,000 in grants and contributions and assessed the balance of about $39,000 to all lawfully assessable properties on both sides of Iroquois Avenue for the entire length of the line.

The appellant's other argument that certain charges included in the costs of the project were improper was clearly not raised below and will not be considered here.

### ORDER

AND Now, this 2nd day of December, 1976, it is Ordered that the judgment entered below in the amount of $5,394.17 in favor of the Township of Harborcreek and against Erie Drive-In Theatre Corporation be and it is affirmed.