Muhlenberg Township Authority, Appellant *v.* City of Reading, Appellee.

Argued May 11, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Mark G. Yoder,* with him *Ralph J. Althouse, Jr., Bingaman, Hess, Coblentz & Bell,* for appellant.

*Jack A. Linton,* City Solicitor, with him *Peter F. Cianci,* First Assistant City Solicitor, for appellee.

OPINION BY JUDGE CRAIG, June 27, 1983:

The Muhlenberg Township Authority has appealed from an order of the Court of Common Pleas of Berks County which, in a scire facias sur municipal claim,

struck off an assessment lien for a sewer improvement, which the township authority had filed against property of the City of Reading located in Muhlenberg Township. The common pleas court entered its summary judgment on the basis of a conclusion that the city property, used for the storage of recreational equipment, an acknowledged public purpose, was exempt from the imposition of such a lien.

The basic question here, purely one of law, is whether city property used for a public purpose, and located within an adjacent township, is exempt from the lien of an assessment for the benefits of a sewer project constructed by the township's authority.

There is no disagreement concerning the fundamental premise that:

> It is well settled that *in the absence of a statute to the contrary*, public property used for public purposes is exempt from taxation and from assessments for improvements and no express exemption law is needed: Dornan v. Philadelphia Housing Authority, 331 Pa. 209, 228, 200 A. 834.... (Emphasis in original.)

*Southwest Delaware County Municipal Authority v. Aston Township*, 413 Pa. 526, 532, 198 A.2d 867, 871 (1964).

The pivotal question, then, is whether we find such a statute to the contrary—subjecting public use property to a sewer lien—when we turn to section 5 of the Lien Act, Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §7108, which in pertinent part reads:

> All real estate, by whomsoever owned and for whatsoever purpose used, other than property owned by the State or the United States, shall be subject to all tax and municipal claims herein provided for, except that all property owned by any county, city, or other municipal-

ity or municipal division, and actual places of religious worship, places of burial not held or used for private or corporate profit, and institutions of purely public charity, shall not be subject to tax or municipal claims on property, by law, exempt from taxation *except* for the removal of nuisances, *for sewer claims and sewer connections*, or for the curbing, recurbing, paving, repaving or repairing the footways in front thereof. All other real estate, by whomsoever owned and for whatsoever purpose used, shall be subject to all tax claims and municipal claims herein provided for.... (Emphasis added.)

This statutory wording does not seem to be hard to understand. It says that all real estate, other than state or federal land, is subject to municipal claims *except* that municipal and charitable property, if legally nontaxable, is not the subject of municipal claims *except* for sewer, nuisance and paving claims.

The statute, as the general rule, makes all property subject to municipal claims. The exemption for public property does not extend to sewer liens. Thus, a literal reading of the statute leaves municipal property subject to the fundamental rule of assessability for sewer benefits, which is the undeniable effect of the statutory wording even if we regard it as expressing its effect in terms of stating an exception (assessability for a sewer lien) to an exception (exemption of municipal property from the general rule of assessability); it does not seem to be an "exception to an exception to an exception," as it was characterized in *Aston Township*, 413 Pa. at 533, 198 A.2d at 871.

Yet, after considerable discussion concerning this uncomplicated statutory wording, the Supreme Court, in *Aston Township*, 413 Pa. at 534, 198 A.2d at 872, reached a dictum that

we are in considerable doubt that, even as amended, the Lien Act [quoted above] evidences the requisite legislative intent to accomplish that result [subjecting the local public property to a sewer lien].

*Aston Township* was not conclusive as to the issue before us; there, the Supreme Court finally decided that property leased by a school district from a school authority was not subject to a sewer lien because of the Municipality Authorities Act of May 2, 1945, P.L. 382, §15, *as amended*, 53 P.S. §318, and because of a School Code provision, section 776 of the Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §7-776. Of course, because this case does not involve school authority property, neither of those statutes govern here.

The city is unable to direct our attention to any counterpart of those provisions, which would immunize city property from the wording of the Lien Act in the manner accomplished by the School Code and Authorities Act. The city here contends that, as a rule of construction, we should not interpret the Lien Act to subject city property to sewer liens while school and authority property have been exempted from it under judicial application of the school and authority laws, in that such an interpretation would be violative of Pa. Const. art. VIII, §1, requiring that all taxes be uniform upon the same class of subjects. However, no such rule of construction comes into play unless the statute is so ambiguous as to require interpretation. No such ambiguity is present here.

The city apparently does not directly claim that the Lien Act, as stated, is unconstitutional, nor could it make that claim here, not having raised or preserved it for our consideration.

With section 5 of the Lien Act not being subjected to a constitutional attack, nor implicitly repealed by

any other statute as was true with respect to school property, we are constrained to follow what the legislature stated and reverse.

## Order

Now, June 27, 1983, the order of the Court of Common Pleas of Berks County dated January 20, 1982, is reversed, and this case is remanded for further proceedings in this sci fa sur municipal claim pursuant to the foregoing opinion.

Jurisdiction relinquished.