## Benzinger Twp. Authority v. West Penn Power Company

*Charles Houston,* for plaintiff.
*John L. Munsch,* for defendant.

GREINER, *P.J.,* January 10, 1985 — Defendant, West Penn Power Company (West Penn) seeks dismissal of scire facias sur municipal claim of plaintiff, Benzinger Township Authority (authority) and that Municipal Lien no. 81-144 of the authority in the amount of $2,563 plus accrued interest be stricken.

Plaintiff is a municipal authority created by the supervisors of Benzinger Township, a Second Class Township, for the express purpose of constructing a sanitary sewer system in designated areas of the township. Defendant is a public utility as defined in the Public Utility Code, 66 Pa.C.S. §101 et seq., providing electric service to approximately 568,198 customers in a service area comprising all or parts of 23 counties in southwestern and central Pennsylvania having a population of about 1.5 million persons. West Penn is the owner of a parcel of property in Benzinger Township, Elk County, which is used by West Penn for the location of an electric substation and for the placement of poles and electric lines leading to and from the substation. The substation has been in existence since 1955, and is a fully automated facility used to transform line voltage from 46 kilovolts to 15 kilovolts for the eventual distribution of electric service. The authority stipulates that West Penn's subject substation premises has no present need or use for sanitary sewer service.

The property in question abuts the east side of Washington Road, Benzinger Township, for a length of 233 feet. On June 9, 1981, West Penn was served with a notice of sewer assessment by plaintiff for the cost of construction of a sanitary sewer line constructed along Washington Road by plaintiff. The assessment, made according to the front-foot method, amounted to $2,563 (233 feet at $11 per foot) with interest at six percent per annum beginning April 1, 1981. On or about May 31, 1983, West Penn notified plaintiff to issue scire facias sur municipal claim for the assessment. On or about June 10, 1983, plaintiff caused scire facias to be issued. West Penn submitted an affidavit of defense dated June 15, 1983, setting forth several averments of fact, including those hereinabove recited. By letter dated March 7, 1984, Benzinger Township agreed that the facts were not in dispute and that the proceeding involved only a question of law. At time of argument, it developed that although plaintiff agreed that West Penn had no present need or use for sewer service at said property, its affidavit of defense had also alleged that it had no future need for service at the property, which plaintiff had not intended to stipulate as a fact. Therefore, at a continued hearing, West Penn offered testimony in support of its allegation that it not only had no present need or use but also no future need or use for the sewer service. The testimony supports the following

## FINDINGS OF FACT

The entire tract of property is necessary for the operation of the substation. While the substation transformers and platforms do not occupy the entire property, the incoming and outgoing electric distribution lines require right-of-way over the property. These electric distribution lines, at voltages of 15

kilovolts and 46 kilovolts, require vertical (ground to wire) clearance which prohibit improvement of the property beneath the lines. The National Electric Safety Code, which the Pennsylvania Public Utility Commission has held provides minimum safety standards for Pennsylvania electric utilities,* provides that electric conductors of 15 kV and 46kV require ground clearance of an absolute minimum of 15 and 20 feet respectively. (NESC 1981 edition, p. 142.) Given the overhang of the lines above the property, and the placement of poles on the property, it is clear that the property cannot be developed in a manner which would require or permit hookup to a sanitary sewer. The present transformer was installed in the mid-1950s, about 1955, with a 30-year life, and it would be replaced and improvements made at a cost of approximately $240,000 in 1985.

The authority is empowered to assess property owners for the cost of construction of sewer lines by section 4B of the Municipal Authorities Act of 1945, 53 P.S. §306B. This section recognizes the rule that only the property which has benefited from a municipal improvement may be assessed therefor. It provides that a municipal authority has the power:

"(r) To charge the cost of construction of any sewer or water main constructed by the Authority against the properties *benefited, improved or accommodated thereby* to the extent of such benefits. . .

"(s) To charge the cost of construction of any sewer or water main constructed by the Authority against the properties *benefited, improved or accommodated thereby* according to the foot-front rule. Such charges shall be based upon the foot frontage

---

*Larkin v. Philadelphia Electric Co., 38 Pa. PUC 777 (1961).

of the properties so benefited, and shall be a lien against such properties." (Emphasis added.)

The Pennsylvania Supreme Court in Palmer Township Sewer Authority v. Witty, 479 Pa. 240, 388 A.2d 306 (1978), held that the foregoing provisions of the Municipality Authority Act require that the properties assessed must have received an actual benefit from the municipal improvement. The court stated:

"Whether subsection (r) (the "benefits" method) or subsection (s) (the "foot frontage" method) is utilized, an assessment must always be related to the benefits conferred upon the property owner. " 'When the property is not benefited, our courts have not hesitated to declare that the assessment could not be sustained. While there is a presumption that a property is benefited by the construction of a sanitary sewer adjacent to it, this presumption may be rebutted. . . .' " Whitemarsh Township Auth. v. Elwert, 413 Pa. 329, 334-35, 196 A.2d 843, 847 (1964) quoting Upper Moreland-Hatboro Joint Sewer Auth. v. Pearson, 190 Pa. Super. 107, 112, 152 A.2d 774, 776 (1959).

Palmer Township Municipal Sewer Authority, supra, involved a situation where a parcel of property was assessed for two different sewer lines along adjacent streets. The only dwelling on the property received sewer service from one of the lines and the owner of the property contended that the property was not benefited from the second sewer line. The owner also relied on the fact that a local zoning ordinance prohibited further subdivision of the property, so that use of the second sewer line was impossible. The Commonwealth Court speculated that at the time of construction of the two lines, the property owner may have had the benefit of either sewer line. The Supreme Court reversed, holding that the

benefit of the second line was only speculative, and that the property had not received an actual benefit from the second sewer line. The court wrote:

"[W]e agree with the trial court and the court en banc that any benefit to appellants' property by the [second] sewer line was speculative. The assessment based upon that portion of the construction project cannot, therefore, be permitted to stand." 388 A.2d at 309-310.

The rule that a benefit may not be a speculative benefit was also indicated by the Commonwealth Court in Township of Harborcreek v. Erie Drive-In Theater Corporation, 27 Pa. Commw. 294, 367 A.2d 348 (1976). In that case the property in question was assessed for a municipal water line despite the fact that it was already served in part by a pre-existing line. While the court held that the property owner had failed to show a lack of benefits, it stated:

"Not only are portions of the appellant's property *presently* available for subdivision and use, there is no evidence that the property as a whole is not *presently* benefited. . . ." 367 A.2d at 350. (Emphasis added.)

The court's reliance on the concept of a *present* benefit is relevant to the case at hand. The facts as set forth in West Penn's affidavit of defense state that the sewer line in question does not provide a present or a future benefit to the West Penn property. The authority speculates that the substation may someday be abandoned by West Penn, and that the property would be developed and would benefit from the sewer line. This reasoning would render *every* property adjacent to a municipal improvement subject to a municipal assessment because, with some imagination, one can speculate that every property will undergo a change in use so as to

benefit from the municipal improvement. One could speculate, for example, that railroad lines (which have long been held to receive no benefit from municipal improvements) could be abandoned and put to use by the railroad in a manner which would benefit from the municipal improvement. One could speculate that West Penn will abandon its electrical substation and sell the property in question for use as residential lots. Such speculation would destroy the long-standing rule that only properties which are benefited may be assessed for municipal improvements.

We find Muhlenberg Township Authority v. City of Reading, 75 Pa. Commw. 227, 461 A.2d 654 (1983) to be inapposite. In that case the Commonwealth Court held that city property does not enjoy blanket exemption from assessments by a municipal authority. The case did not disturb the rule that property may not be assessed for municipal improvements unless the property is benefited therefrom. Also, plaintiff's reliance on City of Philadelphia v. Philadelphia and Reading Railroad, 1 Pa. Super. 236 (1896) and Mitchener v. Philadelphia, 118 Pa. 535 (1888), makes no allowance for subsequent enactment of the Municipal Authorities Act of 1945 and cases subsequent thereto, including Palmer Township Sewer Authority, supra, and cases cited therein.

Pursuant to Palmer, supra, we recognize the presumption that a property is benefited by construction of a sanitary sewer adjacent to it, which presumption may be rebutted. We find that defendant has, by an overwhelming preponderance of the evidence, rebutted this presumption as any possible benefit at the very most would be speculative.

We therefore make the following

## ORDER OF COURT

Now, January 10, 1985, the scire facias sur municipal claim is dismissed and the prothonotary is directed to strike the Municipal Lien no. 81-144 of the Benzinger Township Authority in the amount of $2,563. plus accrued interest.