McCandless Township Sanitary Authority, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued November 15, 1984, before Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*Edmund B. Smith, Jr.*, with him, *William H. Markus, Markus, Riethmuller & Smith,* for appellant.

*Jeffrey L. Giltenboth,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, February 20, 1985:

McCandless Township Sanitary Authority (Authority) appeals from the order of the Court of Common Pleas of Allegheny County which denied its authority to enforce a lien to recover an assessment for a sewer improvement against property owned by the Pennsylvania Department of Transportation (DOT).

The property subject to the present dispute was purchased by DOT on November 12, 1976. Prior to the date of purchase, on April 4, 1974, the Authority passed a resolution authorizing the construction of a sanitary sewer system in McCandless Township and surrounding area. The resolution contained a provision which stated:

> [W]hen in the opinion of the authority solicitor, all or a portion of the cost of said sewers

may be legally assessed against the properties benefited, improved or accommodated thereby, the Authority [shall] charge the assessable portion of said cost against the properties benefited, improved or accommodated thereby, to the extent of such benefits in accordance with the provision of Paragraph r, Subdivision (B) of Section 4 of the Municipality Authorities Act of 1945, as amended[1]. . . .

On February 5, 1980, the Authority, acting pursuant to this provision, petitioned for the appointment of a Board of Viewers ''to assess any benefits or damages arising by reason of construction of the sanitary sewers. . . ''. On January 18, 1982, the Board of Viewers filed a final report which assessed benefits against the property owned by DOT in the amount of $900.00. The Authority filed a municipal claim, asserting a lien against the subject property in the amount of the assessment. DOT brought an appeal from the Viewers' Report, asserting that the Authority had no power to assess benefits against the Commonwealth without its consent. After a trial without a jury, the Allegheny County Court of Common Pleas affirmed the assessment of the Board of Viewers, but refused to order its enforcement against DOT. The court reasoned that the assessment against the property was valid despite ownership by DOT, because a lien for the assessment had attached at the time of the original resolution authorizing construction in 1974, prior to purchase by DOT. The court concluded that although DOT purchased the property subject to the valid lien, the Authority lacked power to enforce the lien until such time as the property reverted to private ownership. The Authority filed exceptions to

---

[1] Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §306(r).

the trial court's order and now appeals to this Court from the denial of its exceptions.

It is beyond dispute that the real estate of a sovereign government is not subject to municipal claims assessed against it without its consent. *Homestead Borough v. Defense Plant Corp.*, 356 Pa. 500, 52 A.2d 581 (1947); *Muhlenberg Township Authority v. City of Reading*, 75 Pa. Commonwealth Ct. 227, 461 A.2d 654 (1983); Section 5 of the Municipal Lien Act (Lien Act), Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §7108. The Authority argues, however, that DOT impliedly consented to the enforcement of the claim by purchasing its property subject to the lien. We do not reach the issue of DOT's implied consent, because we find no valid lien attached to the property prior to DOT's purchase.

Our research fails to disclose a legal basis for the trial court's statement that "[a]n incohate lien is recognized as coming into existence whenever a municipality enacts a construction ordinance or resolution and identifies the improvements such as streets or sanitary sewers." To the contrary, Section 3 of the Lien Act, 53 P.S. §7106, states, in pertinent part:

> (a)  All municipal claims which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, . . . shall be and they are hereby declared to be a lien on said property. . . .

In *Township of Lower Merion v. Manning*, 95 Pa. Superior Ct. 322, 328 (1929), the Superior Court, interpreting an identical provision in the Act of June 4, 1901,[2] concluded that the language "lawfully imposed or assessed" indicated that liens for municipal improvements were to attach *at the time of assess-*

---

[2] Act of June 4, 1901, P.L. 364, *as amended*, repealed in part by Section 3 of the Act of May 24, 1921, P.L. 1089.

*ment. See Harley v. Kanyock,* 33 North. 199 (1953). The record in the present case indicates that there was no assessment on the date the resolution was passed; there was merely a conferral of the right to assess at some future date. Assesment of the property was not accomplished until the Board of Viewers issued their final report on January 18, 1982, more than five years *after* DOT had acquired the property.

Thus it is clear that because DOT purchased the property before any assessment was made, it took title free from any lien against it. Furthermore, it is clear that because DOT remained the owner of the property when the assessment was completed in 1982, there could be no valid claim nor could any lien attach at that time.

In conclusion, while we agree with the result of the trial court's decision under which DOT is not required to pay the assessed value, we do so not because there is a valid, though unenforceable, lien against the property, but rather because there is no valid lien at all. Accordingly, we affirm the trial court's order denying the Authority's exceptions.[3]

ORDER

Now, February 20, 1985, the order of the Court of Common Pleas of Allegheny County in the above captioned matter, No. GD 82-02627, dated June 24, 1983, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

[3] We note that although DOT took the original appeal from the report of the Board of Viewers, it did not file exceptions to the order of the court of common pleas which affirmed the Board's assessment, nor did it file an appeal with the Commonwealth Court. Therefore, the judgment of the court of common pleas entered on June 24, 1983 will become the law of this case.